Gazes LLC
32 Avenue of the Americas, 27th Floor
New York, New York 10013
(212) 765-9000
Ian J. Gazes, Esq.
Jayson Jarushewsky, Esq.
*Attorneys for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

MRU HOLDINGS, INC.,

                      Debtor.
-------------------------------------------------------------x

IAN J. GAZES AS CHAPTER 7 TRUSTEE
OF THE ESTATE OF MRU HOLDINGS, INC.

                      Plaintiff,

     v.

CREDIT COLLECTION SERVICES

                      Defendant.

-------------------------------------------------------------x

Chapter 7

Case No. 09-10530 (AJG)

Adv. Pro. No.

**COMPLAINT TO AVOID AND RECOVER TRANSFERS
PURSUANT TO SECTIONS 547 AND 550 OF THE BANKRUPTCY
CODE AND TO DISALLOW CLAIMS PURSUANT TO
<u>SECTION 502(d) OF THE BANKRUPTCY CODE</u>**

Ian J. Gazes, as the chapter 7 Trustee (the "Trustee" or the "Plaintiff") of the estate of

MRU Holdings, Inc. (the "Debtor"), by his attorneys, Gazes LLC, states as follows, in support of

his complaint (the "Complaint") against Credit Collection Services (the "Defendant"):

**NATURE OF THE ACTION**

1.     The Complaint seeks to avoid and recover pursuant to sections 547(b) and 550(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") certain transfers made by the Debtor to the Defendant in the ninety (90) day period preceding the filing of the Debtor's chapter 7 case and to disallow any claim of the Defendant against the Debtor's estate pursuant to section 502(d) of the Bankruptcy Code. 11 U.S.C. §§ 502, 547(b) and 550(a).

**JURISDICTION, VENUE, STAUTORY PREDICATES AND PARTIES**

2.     The Court has jurisdiction over this adversary proceeding, which arises under the Bankruptcy Code, pursuant to sections 157 and 1334 of title 28 of the United States Code.  28 U.S.C. §§ 157 and 1334.

3.     The adversary proceeding is a core proceeding pursuant to section 157(b)(2)(A), (B), (F) and (O) of title 28 of the United States Code. 28 U.S.C. § 157(b)(2)(A), (B), (F) and (O).

4.     Venue in this District is proper under section 1409(a) of title 28 of the United States Code.  28 U.S.C. § 1409(a).

5.     The statutory predicates for this adversary proceeding are sections 502, 547, and 550 of the Bankruptcy Code. 11 U.S.C. §§ 502, 547, and 550.

5.     Upon information and belief, the Defendant is a corporation, limited liability company or other business entity and not an individual.

**BACKGROUND**

6.     On February 6, 2009 (the "Petition Date"), the Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code.

7.     On February 9, 2009, the United States Trustee appointed the Trustee to serve as interim trustee in the case, who now serves as the permanent Trustee pursuant to section 702(d) of

the Bankruptcy Code.  11 U.S.C. §702(d).

## COUNT I

### TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO SECTION 547(B) OF THE BANKRUPTCY CODE

8.      Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 7 above as if fully set forth herein.

9.      Within the 90 days preceding the Petition Date, the Debtor made certain transfers (the "Transfers") to the Defendant in the aggregate amount of $ 34,583.50  by checks issued by the Debtor and drawn on the Debtor's funds on the dates and in the amounts set forth on Exhibit A to the Complaint which is incorporated by reference herein.

10.      Each of the Transfers was in payment of and fully satisfied a debt (a) owed by the Debtor to the Defendant and (b) incurred prior to the Transfer.  A listing of each debt, including the corresponding invoice date, invoice number and invoice amount, satisfied by the Transfers is set forth on Exhibit A.

11.      Accordingly, each of the Transfers was made (a) to or for the benefit of the Defendant, a creditor of the Debtor and (b) on account of an antecedent debt.

12.      The Transfers were each made while the Debtor was insolvent.  Under section 547(f) of the Bankruptcy Code, the Debtor is presumed to have been insolvent at the time each of the Transfers was made. 11 U.S.C. § 547(f).   The Debtor's schedules filed in connection with its chapter 7 petition provide that the Debtor's liabilities ($45,745,660.77) exceeded its assets ($10,962,085.00) by over 400%.

13.      Each Transfer enabled the Defendant to receive more than it would have if (a) the Transfer had not been made; (b) the Debtor's bankruptcy case were a case under chapter 7 of the Bankruptcy Code; and (c) the Defendant received payment of its debt to the extent provided for

under the Bankruptcy Code. As set forth on Exhibit <u>A</u>, each Transfer satisfied in full one or more antecedent debts owed by the Defendant to the Defendant. With respect to each of the Transfers, if the Transfer had not been made, the Defendant would have been entitled to a general unsecured non-priority claim for the amount of the Transfer. Upon information and belief, general unsecured non-priority claims in the Debtor's chapter 7 case will receive a distribution of less than 100% of the claim amount. Further, because the Debtor was insolvent as of the Petition Date, as set forth in ¶ 12 *supra*, the Debtor's estate had insufficient assets to pay in full all of the claims against it as of the Petition Date.

14.     None of the Transfers satisfied a debt incurred under an executory contract or unexpired leased that was subsequently assumed or assigned by the Debtor.

15.     By reason of the foregoing, each of the Transfers should be avoided and set aside as preferential.

## COUNT II

### TO RECOVER PREFERENTIAL TRANSFERS PURSUANT <br> <u>TO SECTION 550 OF THE BANKRUPTCY CODE</u>

16.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15 above as if fully set forth herein.

17.     Defendant was the initial transferee of each of the Transfers. *See* Exhibit <u>A</u>.

18.     Pursuant to section 550 (a) of the Bankruptcy Code, the Trustee is entitled to recover from the Defendant an amount to be determined at trial that is not less than $ 34,583.50 plus interest thereon to the date of payment and the costs of this action. 11 U.S.C. § 550(a).

## COUNT III

### TO DISLLOW CLAIMS PURSUANT
### TO SECTION 502(d) OF THE BANKRUPTCY CODE

19.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18 above as if fully set forth herein.

20.     Pursuant to section 502(d) of the Bankruptcy Code, any claims of Defendant against the Debtor's estate must be disallowed until such time as the Defendant pays to the Trustee an amount equal to the Transfers. 11 U.S.C. § 502(d).

**WHEREFORE** Plaintiff respectfully requests that this Court enter judgment against Defendant

(i)      pursuant to  section 547(b) of the Bankruptcy Code, avoiding the Transfers;

(ii)     pursuant to section 550(a) of the Bankruptcy Code, directing Defendant to pay to the Trustee an amount to be determined at trial that is not less than  $  34,583.50 , plus interest and costs;

(iii)    pursuant to section 502(d) of the Bankruptcy Code, disallowing any claim of Defendant against the Debtor's estate; and

(iv)     granting to the Trustee such other and further relief as may appear just and proper.

Dated:  New York, New York          GAZES LLC
        February 3, 2011

                                    By:____/s/ Ian J. Gazes_____
                                        Ian J. Gazes
                                    32 Avenue of the Americas, 27th Floor
                                    New York, New York 10013
                                    (212) 765-9000

                                    *Attorneys for the Chapter 7 Trustee*

**MRU Holdings, Inc. (Debtor)**
**Case No.: 09-10530-AJG**
**Ian J. Gazes: Chapter 7 Trustee**
**Bankruptcy File Date: 02/06/09**
**90 Day Period: November 8, 2008 Through February 6, 2009**

| Detail of Potential Preferences | | | | | | |
|---|---|---|---|---|---|---|
| **Payee (Sort)** | **Check No.** | **Check Date** | **Clear Date** | **Invoice Date** | **Invoice Number** | **Invoice Amount** |
| Credit Collection Services | 6919 | 11/04/08 | 11/10/08 | 08/31/08 | 2-MRUDP8-8/31/08 | 3,750.00 |
| Credit Collection Services | 6919 | 11/04/08 | 11/10/08 | 08/31/08 | 2-MRUDP5-8/31/08 | 875.00 |
| Credit Collection Services | 6919 | 11/04/08 | 11/10/08 | 09/30/08 | 2MRUDP8-9/30/08 | 3,875.00 |
| Credit Collection Services | 6919 | 11/04/08 | 11/10/08 | 09/30/08 | 2MRUDP0-9/30/08 | 1,125.00 |
| Credit Collection Services | 6943 | 11/11/08 | 11/19/08 | 11/01/08 | 9-MRUDF8-10/31/08 | 1,744.46 |
| Credit Collection Services | 6943 | 11/11/08 | 11/19/08 | 11/01/08 | 2MRUDP8-10/31/08 | 4,750.00 |
| Credit Collection Services | 6943 | 11/11/08 | 11/19/08 | 11/01/08 | 2-MRUDP5-140/31/08 | 250.00 |
| Credit Collection Services | 6943 | 11/11/08 | 11/19/08 | 11/01/08 | 2-MRUDP0-10/31/08 | 1,000.00 |
| Credit Collection Services | 6970 | 11/19/08 | 11/25/08 | 11/01/08 | 9MRUDF1-05/31/08 | 3,964.04 |
| Credit Collection Services | 7077 | 01/08/09 | 01/12/09 | 11/30/08 | 2-MRUDP8-113008 | 5,375.00 |
| Credit Collection Services | 7077 | 01/08/09 | 01/12/09 | 11/30/08 | 2-MRUDP5-113008 | 250.00 |
| Credit Collection Services | 7077 | 01/08/09 | 01/12/09 | 11/30/08 | 2-MRUDP0-113008 | 1,375.00 |
| Credit Collection Services | 7077 | 01/08/09 | 01/12/09 | 12/31/08 | 2MRUDP0-12/31/08 | 1,125.00 |
| Credit Collection Services | 7077 | 01/08/09 | 01/12/09 | 12/31/08 | 2-DEFMRU-12/31/08 | 375.00 |
| Credit Collection Services | 7077 | 01/08/09 | 01/12/09 | 12/31/08 | 2-MRUDP8-12/31/08 | 4,750.00 |
| **Credit Collection Services Total** | | | | | | |